**Opinion filed November 20, 2018**



In The

# Eleventh Court of Appeals

_____

## No. 11-18-00146-CV

_____

## IN THE INTEREST OF M.D.P., A CHILD

**On Appeal from the 318th District Court**
**Midland County, Texas**
**Trial Court Cause No. FM64398**

### M E M O R A N D U M   O P I N I O N

M.D.P.'s father appeals from an order in which the trial court terminated his parental rights. On appeal, the father presents three issues for review in which he challenges the findings made by the trial court in support of termination. We affirm.

In all three issues, Appellant argues that the trial court abused its discretion when it entered the termination findings because the evidence is insufficient to support those findings. The termination of parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2017). To determine if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine

whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002). To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(b)(1)(A)–(U) and that termination is in the best interest of the child. FAM. § 161.001(b).

With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent-child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

After a bench trial, the trial court found that Appellant had committed two of the acts listed in Section 161.001(b)(1)—namely, those located in subsections (E) and (N)—and that termination was in the best interest of the child. Specifically, the

2

trial court found that Appellant had engaged in conduct or knowingly placed the child with persons who engaged in conduct that endangered the child's physical or emotional well-being and that Appellant had constructively abandoned the child. *See* FAM. § 161.001(b)(1)(E), (N). The trial court also found that termination of Appellant's parental rights would be in the child's best interest. *See id.* § 161.001(b)(2).

The record reflects that the Department of Family and Protective Services became involved with M.D.P. when she was ten years old. At that time, M.D.P. resided with her mother, stepfather, and younger half-sister. However, M.D.P. had lived with them for only a year; she had lived with her maternal grandfather for most of her life. That grandfather is now deceased. M.D.P.'s biological mother did not treat her well and wanted M.D.P put in a long-term care facility because of M.D.P.'s alleged mental health issues. The Department and the child's guardian ad litem believed that the mother's wild allegations involving M.D.P. were unfounded.

At the time of trial, Appellant was incarcerated in a New Mexico prison; he participated at trial via telephone. Appellant testified that both he and the mother were arrested when M.D.P. was seven months old. Appellant admitted that, on the day of their arrest, he and the mother had smoked cocaine in the house in the presence of M.D.P. and that they were both high on cocaine while M.D.P. was in their care. In 2007, Appellant was convicted of five counts of trafficking cocaine and was sentenced to confinement in the penitentiary of New Mexico for eighteen years. The mother was convicted of one count of trafficking cocaine, for which she was sentenced to nine years' confinement. Although Appellant was incarcerated at the time of trial, he had been paroled twice, but both times, he violated his parole by drinking and using drugs and was reincarcerated.

Appellant has not seen M.D.P. since she was eleven months old. Appellant testified that he would be getting out of prison in a few months and that he would

like to establish a relationship with M.D.P. To that end, he had recently attempted to send M.D.P. two cards and a few letters. Although Appellant did not want his parental rights to be terminated, both the child's attorney ad litem and CASA (who was the child's guardian ad litem) believed that termination of Appellant's rights would be in the best interest of M.D.P. Furthermore, Appellant agreed that he had no relatives that were able to be a placement for M.D.P. He also indicated that he would like to "get back together" with M.D.P.'s mother in the future—a situation that would be devastating to M.D.P. based on the mother's prior reprehensible conduct toward M.D.P.

M.D.P. had been placed in foster care; she was happy and doing well there. The foster home in which M.D.P. had been placed was not a permanent placement for her. M.D.P. was aware of that, yet she still persisted in her desire to be in foster care and be adopted in the future. She expressed a strong aversion to being returned to her family; she wanted no contact with them. The Department's plan for M.D.P. is to find an adoptive placement for her.

To support termination under subsection (E), the offending conduct does not need to be directed at the child, nor does the child actually have to suffer an injury. *In re J.O.A.*, 283 S.W.3d 336, 345 (Tex. 2009). A parent's use of narcotics and the effect of such use on his ability to parent may qualify as an endangering course of conduct. *Id.* Mere imprisonment, standing alone, does not constitute conduct that endangers the emotional or physical well-being of a child. *Tex. Dep't of Human Servs. v. Boyd*, 727 S.W.2d 531, 533–34 (Tex. 1987). However, if the evidence, including imprisonment, shows a course of conduct that has the effect of endangering the physical or emotional well-being of the child, a finding under subsection (E) is supportable. *Id.* Endangering conduct is not limited to actions directed toward the child and may include the parent's use of drugs. *J.O.A.*, 283 S.W.3d at 345.

To support termination for constructive abandonment under subsection (N), it must be shown that the Department or an authorized agency had been the managing conservator of the child for not less than six months, that the Department or authorized agency had made reasonable efforts to return the child, that the parent had not regularly visited or maintained significant contact with the child, and that the parent had demonstrated an inability to provide the child with a safe environment. FAM. § 161.001(b)(1)(N). Although imprisonment, standing alone, does not constitute constructive abandonment, subsection (N) can be applied to incarcerated parents. *In re A.H.*, No. 02-12-00444-CV, 2013 WL 1149519, at *3 (Tex. App.—Fort Worth Mar. 21, 2013, no pet.) (mem. op.); *In re D.S.A.*, 113 S.W.3d 567, 573–74 (Tex. App.—Amarillo 2003, no pet.).

In this case, there was evidence that Appellant engaged in a course of conduct that endangered his child's well-being. He had smoked cocaine in the child's presence, had been in and out of prison at least three times, had been incarcerated for most of the child's life, and had resumed his drug use while out on parole. There was also evidence that Appellant had constructively abandoned M.D.P., who had been under the managing conservatorship of the Department for almost one year. The Department made reasonable efforts to place M.D.P. with Appellant's relatives but were unable to do so as Appellant had no relatives that were able to care for M.D.P. Thus, Appellant, who was incarcerated, was unable to provide his child with a safe environment. We hold that the trial court's findings under Section 161.001(b)(1)(E) and (N) are supported by the record.

Furthermore, with respect to Appellant's third issue, we hold that, based upon the *Holley* factors and the evidence in the record, the trial court's best interest finding was supported by clear and convincing evidence. *See Holley*, 544 S.W.2d at 371–72. The evidence indicated that the instability of Appellant and his continued incarceration due to criminal conduct were things that would prevent him from

meeting both the physical and emotional needs of M.D.P. now and in the future. In addition, there was evidence that Appellant had no relationship with M.D.P. and that he hoped to resume a relationship with the mother, which would clearly endanger M.D.P. Furthermore, M.D.P. had expressed a desire to remain in foster care, be adopted, and have no contact with her family. M.D.P. was happy and doing well in foster care. Evidence showed that M.D.P.'s emotional well-being had improved during her time in foster care. We conclude that the trial court could reasonably have formed a firm belief or conviction that termination of Appellant's parental rights would be in the best interest of M.D.P.

Based on the evidence presented at trial, the trial court could reasonably have formed a firm belief or conviction (1) that Appellant had either constructively abandoned M.D.P. or engaged in a course of conduct that endangered the physical or emotional well-being of M.D.P. and (2) that termination of Appellant's rights would be in the best interest of M.D.P. We cannot hold that the trial court's findings are not supported by clear and convincing evidence. The evidence is both legally and factually sufficient to support the findings, and the trial court did not abuse its discretion when it entered those findings. Accordingly, we overrule all three of Appellant's issues on appeal.

We affirm the order of the trial court.


November 20, 2018                                  JIM R. WRIGHT

Panel consists of: Bailey, C.J.;          SENIOR CHIEF JUSTICE
Gray, C.J., 10th Court of Appeals[1];
and Wright, S.C.J.[2]

Willson, J., not participating.

---

[1]Tom Gray, Chief Justice, Court of Appeals, 10th District of Texas at Waco, sitting by assignment to the 11th Court of Appeals.

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.